## Karpati, Appellant, v. Cambria Steel Co.

*Workmen's compensation—Practice, C. P.—Appeals—Findings.*

An appeal to the Court of Common Pleas under the Workmen's Compensation Act, is in the nature of a certiorari, all questions of fact being left to the deliberation of the compensation board. On an appeal from the Common Pleas to the Superior Court, the latter court may examine the opinion of the Court of Common Pleas to ascertain the grounds of its action. Where the opinion discloses the facts on which the judgment is based, the appellate court may inquire whether they support the conclusions reached.

A widow is not living with her husband at the time of his death or "actually dependent upon him for support" within the meaning of the act, where the evidence shows that the husband and wife were married in February, 1914, and lived with the wife's parents in New York, the wife being dependent on her husband for support, except as to rent and board for a year which the parents agreed to provide; that subsequently they moved to New Jersey, and thereafter the wife in June, 1915, returned to her parents, and the husband went to Pennsylvania to secure work; that while working there in a steel works he was killed in January, 1916, and that the husband never communicated with his wife nor furnished her funds, although he knew where she was.

Argued April 15, 1918. Appeal, No. 65, April T., 1918, by plaintiff, from order of C. P. Columbia Co., Dec. T., 1916, No. 470, dismissing appeal from judgment of Workmen's Compensation Board in Case of Jolande Karpati v. Cambria Steel Co. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

202, (1918).] Statement of Facts—Opinion of the Court.

Appeal from judgment of Workmen's Compensation Board.

The question turned on whether the claimant, the widow of Jacob Karpati was living with her husband at the time of his death, or whether she was actually dependent on him at that time. The evidence is summarized in the opinion of the Superior Court.

. *Error assigned* was order dismissing claimant's appeal.

*Russell R. Yost,* of *Graham & Yost,* for appellant.—The findings of the board are not conclusive: Paluskiewicz v. Philadelphia & Read. C. & I. Co., 257 Pa. 305.

The widow was living with her husband and depended on him within the meaning of the act: Northwestern Iron Co. v. Industrial Com. Law Reports Annotated, 1916 A. P. 370.

*Francis B. Hamilton,* with him *J. C. Davies,* for appellee.

OPINION BY HENDERSON, J., July 10, 1918:

Section 409 of the Employer's Liability Act of 1915, provides that the board's findings of fact shall in all cases be final but on a question of law an appeal may be taken to the courts as in the act provided. No provision is made for bringing up the testimony by a bill sealed, a certified record or otherwise. The appeal to the Court of Common Pleas is, therefore, in the nature of a certiorari, all questions of fact being left to the final determination of the compensation board. While the review by an appellate court on a writ of certiorari ordinarily only extends to an examination of the record to ascertain whether the judgment is according to law it has been held in numerous cases that in statutory proceedings we may examine the opinion of the court below on such an appeal to ascertain the grounds of its action: Independence Party Nomination, 208 Pa. 108; Franklin Film Mfg

Corp., 253 Pa. 422; McCauley v. Imperial Woolen Co., 261 Pa. 312. This does not mean, however, that the facts are to be retried. Where the opinion discloses the facts on which the judgment is based we may inquire whether they support the conclusion reached. This becomes a question of law but where the facts will support inferences the findings based on such inferences are conclusions of fact and beyond review by an appellate court. The question for determination on this appeal is whether there was evidence to support the findings of the Board. Clause 9, of Section 307, provides that "No compensation shall be payable under this act to a widow unless she was living with her deceased husband at the time of his death or was then actually dependent on him for support." The material facts affecting the claim were agreed on and are stated in the opinion of the court. The claimant was married to her husband on the 15th of February, 1914, in the State of New York where they both resided with the wife's parents, the wife being dependent on her husband for support except as to rent and board for a year which the parents agreed to provide as a wedding gift to their daughter. Six or seven months after their marriage they moved to New Jersey where they remained about three weeks. In the latter part of June, 1915, the wife returned to her parents in New York City and the defendant came to Johnstown in Pennsylvania and entered the service of the Cambria Steel Company where he continued to work until his death on January 13, 1916. At the time of the separation it was understood the husband was leaving to seek employment and he said he would return for his wife or send for her. He never communicated with her nor informed her in any way of his whereabouts although he knew where she resided. Nor did he send funds to her, notwithstanding the fact that he was earning a sufficient sum to support himself and to provide for his wife. On such a state of facts we think it clear that the court could not declare as a matter of law that the husband and wife

were living together within the meaning of the statute. They were not maintaining a home, the family relation did not exist, there was no communication between the parties, the husband although recently married was not sufficiently interested in the welfare of his wife to inform her where he was, what he was doing or to transmit funds to her for her support. If his conduct had been persisted in for a sufficient length of time a court or jury in a divorce proceeding might well have inferred an intention to desert. There was something more in the case, therefore, than a temporary separation accompanied by conduct showing an intention to continue the family relation. The home in New Jersey was abandoned, there was an actual separation of the parties by distance and time and in the admitted facts where was a foundation for the finding of the compensation board that the home life did not exist. There was no actual living together and nothing in the conduct of the husband immediately preceding his death tending to show that he intended to reëstablish a home. The finding of the board was a conclusion of fact therefore, based on the evidence and the inferences deducible therefrom. If it be conceded that the presumption is that the parties were living together within the meaning of the act that presumption may be overcome by circumstances tending to rebut it and the question whether it was overcome in this case was one for the determination of the board.

The same reasoning applies to the claim of dependency. The wife was living with her parents and was supported by them. She made no effort to locate her husband or to induce him to provide for her. As related to the responsibility of the employer we think there is no presumption that the wife was actually dependent upon her husband for support. To charge the employer it must affirmatively appear that she was actually dependent. There is no disclosure of facts in the opinion of the court which would justify the conclusion that it sufficiently appeared that the wife was dependent on her husband.

Opinion of the Court.   [70 Pa. Superior Ct.

For aught that appears she may have been well provided for otherwise. The employer can not be held to make compensation except when the fact of actual dependency affirmatively appears. There was evidence on which the finding of the board might be based as appears in the opinion of the court below. Our conclusion is therefore that the right of the claimant was determined on a consideration of facts, a review of which we are not authorized to entertain.

The judgment is affirmed.