# Creasy v. Phœnix Utilities Co., Appellant.

*Workmen's compensation—Dependency of wife—Act of June 2, 1915, section 307, par. 7, P. L. 736.*

1. Where a husband and wife are not living together at the time of the husband's death, the mere fact of the dependency of the wife in a legal sense is not sufficient to entitle her to compensation under the Workmen's Compensation Act of June 2, 1915, P. L. 736; it must be "actual" within the meaning of the statute, and therefore must be shown as a fact in the case.

2. The criterion in cases of this character is whether or not a wife, living apart from her husband and dependent upon him, but not actually receiving support from him, has acquiesced in his action under circumstances amounting to. a repudiation of the husband's legal obligation; if she has not acquiesced she is "actually dependent" within the meaning of the act.

3. A wife will be considered as "actually dependent," where it appears that her husband left their home eighteen months before his death, to secure work in a distant city, that he promised to remit money to her, but failed to do so, that she instituted proceedings for support after he had returned to the jurisdiction, and that a failure to secure judgment in these proceedings was due to the fact that he avoided arrest notwithstanding her repeated efforts to have the warrant executed.

Karpati v. Cambria Steel Co., 70 Pa. Superior Ct. 202, distinguished.


Argued January 29, 1923. Appeal, No. 86, Jan. T., 1923, by defendant, from judgment of C. P. Lehigh Co., April T., 1921, No. 1, reversing decision of Workmen's Compensation Board, disallowing claim, in case of Ella Creasy v. Phœnix Utilities Company. Before MOSCH-ZISKER, C. J., FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ. Affirmed.

Appeal from decision of Workmen's Compensation Board, disallowing claim. Before RENO, J.

The opinion of the Supreme Court states the facts.

Decision reversed. Defendant appealed.

*Error assigned,* inter alia, was judgment, quoting it.

*L. H. Rupp,* of *Butz & Rupp,* for appellant.—The statute was designed to provide compensation; that is, the making good of the loss of support. Where such loss did not exist compensation does not accrue: Maguire v. James Lees & Sons Co., 273 Pa. 85.

*Geo. W. Aubrey,* of *Aubrey, Steckel & Senger,* for appellee.—If the finding of dependency is based on any evidence or on an inference fairly deducible therefrom, the award must be sustained although the appellate court might differ from the conclusion thus reached: Morris v. Coal Co., 266 Pa. 216, 220.

OPINION BY MR. JUSTICE FRAZER, March 12, 1923:

Claimant's husband, a lineman in defendant's employ, was accidentally killed while engaged in the performance of his duties. A claim made under the Workmen's Compensation Act by his surviving wife, on behalf of herself and daughter, with an award by the referee in favor of each, was sustained by the compensation board as to the daughter, but reversed as to the widow, on the ground that she was not dependent on her husband at the time of his death. On appeal by the widow to the common pleas, the finding of the board was reversed and the award to her reinstated. The sole question for us to determine is whether the widow was actually dependent upon her husband for support within the meaning of the act.

No substantial dispute exists as to the facts. Claimant and decedent were married December 25, 1917. They lived together until November 2, 1918, when decedent sent claimant to her home and went to Norfolk, Virginia, to procure employment, stating he would remit money for her support and also visit her. This he also indicated an intention of doing in a letter to his wife's parents. Since that time he made no offer to return to claimant, nor has he contributed funds toward the sup-

port of either herself or their child.  He was killed May 10, 1920.  In the meantime claimant attempted for a short time to earn a living for herself and child by working in a factory and since then has assisted in the housework of her father's home, where she has continued to reside with her child.  Plaintiff's father is a day laborer with a wife and eight children depending on him for support; she receives no remuneration for services other than food and lodging for herself and child, which are given voluntarily.  On two different occasions she instituted proceedings against her husband for support; service of the warrant upon him, however, could not be obtained, although he was seen by claimant on one occasion in his father's automobile and followed by her and an officer to the home of his sister.

Under these circumstances we are of opinion claimant should receive compensation.  Section 307, paragraph 7, of the Compensation Act, provides that "no compensation shall be payable under this section to a widow unless she was living with her deceased husband at the time of his death or was then actually dependent upon him for support."  Where the family relation does not exist, that is, where the parties are not living together, the legislature has clearly indicated that the mere fact of dependency in a legal sense is not sufficient.  Dependency must be "actual" and therefore must be affirmatively shown as a fact in the case: Morris v. Yough Coal Co., 266 Pa. 216, 220; Maguire v. James Lees and Sons, 273 Pa. 85, 88.  As to this we have held that no rigid rule can be laid down concerning the amount or character of evidence necessary to show actual dependency, but that each case must be controlled by its own circumstances: Morris v. Coal Co., supra, page 220.  If the wife continues to receive support, whether wholly or in part, she continues to be a dependent within the meaning of the statute, unless the separation amounts to a repudiation of the husband's legal obligation, acquiesced in by the wife: Morris v. Coal Co., supra; Karpati v. Cambria Steel Co., 70 Pa.

Superior Ct. 202.  If the separation is merely for the mutual convenience of the parties and the wife is dependent and the obligation of the husband to support her is either recognized or performed, the right to compensation exists as fully as if they were living together and if, for any reason, the husband fails to perform that duty for a time, the wife remains entitled, upon injury to him, to such compensation as the law provides in cases of dependency: Gentile v. Phila. & Reading Ry. Co., 274 Pa. 335, 339.  If this were not so, the mere fact of separation, though perhaps for a proper and legitimate purpose, such as the future establishment of a new home, would, in all cases, bar a claim on behalf of the family.  That it was not the intention of the legislature to establish such a harsh rule seems amply proven by the fact that the word "dependent" was used rather than make the right of the widow depend upon the fact of receiving support at the time of the accident.  The criterion in cases of this character, consequently, must be whether or not a wife, living apart from her husband and dependent upon him, but not actually receiving support from him, has acquiesced in his action under circumstances amounting to a repudiation by him of his legal obligation to support his family.

In the present case the separation in the beginning indicates a proper purpose, viz, to enable the husband to procure more remunerative employment, and consent thereto by the wife would not necessarily bar her claim for compensation.  As time passed it became apparent to her that her husband had decided to repudiate his obligation.  She refused to acquiesce in his decision and began proper legal proceedings for the purpose of forcing him to support herself and child.  The failure to prosecute these proceedings to final judgment was not due to neglect or omission on her part, but to the fact that he avoided arrest, notwithstanding her repeated efforts to have the warrant executed.  The case is thus distinguished on its facts from Karpati v. Cambria

Steel Co., supra, where the wife made no attempt to locate her husband or to induce him to provide for her and there appeared no intention, or even desire, on the part of either to reëstablish a home together.

The judgment is affirmed.