## Redmond v. Belmont Iron Works et al.

*Workmen's compensation—Actual dependency of wife of deceased employee —Act of June 2, 1915.*

1. Under paragraph 9 of section 307 of the Workmen's Compensation Act of June 2, 1915, P. L. 736, which provides that "no compensation shall be payable under this section to the widow unless she was living with her deceased husband at the time of his death or was then actually dependent upon him for support," the criterion of a wife's dependency, when living apart from her husband and not actually receiving support from him, is whether she has acquiesced in his action under circumstances which amount to a repudiation by him of his legal obligation to support the family.

2. The claimant and decedent were married in 1904 and lived together until 1914, when he left her without sufficient cause. After two weeks she threatened to have him arrested for non-support, and he thereafter paid her $10 or $12 every two weeks until Nov. 13, 1917, when he was seriously injured by a fall from a scaffold. He remained in the hospital until discharged Nov. 21, 1917. The defendant paid him compensation of $10 a week for twenty-one weeks under a compensation agreement. As a result of the accident, he was not able to work, except for about three weeks, up to the time of his death, which occurred Sept. 20, 1919. After the accident the claimant asked him to support her. He told her he was unable to work, and she realized he could not help her. She only saw him twice after this interview, but she received reports of his condition from neighbors. She obtained employment as a cook, but her wages were inadequate for her support, and the contributions from her husband were really necessary for that purpose: *Held*, that she was "actually dependent" within paragraph 9, section 307, of the act, and compensation was allowed her.

Appeal by defendant from award of Workmen's Compensation Board. C. P. No. 5, Phila. Co., Sept. T., 1921, No. 3439.

B. O. *Frick* and *Wm. Linton*, for plaintiff; E. B. *Brandriff*, for defendants.

MONAGHAN, J., Oct. 26, 1923.—Mary Redmond, widow of Frank Redmond, made a claim for compensation for the death of her husband under the Workmen's Compensation Act. An award in her favor by the referee was sustained by the board; the cause is now before us on appeal.

4 D. & C.

Redmond v. Belmont Iron Works et al.

The main question for our determination is whether the claimant was "actually dependent" upon her husband for support at the time of his death, within the meaning of the act.

The facts of the case are substantially as follows: Claimant and decedent were married about 1904; they lived together, and he provided her with support until about 1914, when he left her without sufficient cause. After he had been away from her two weeks, she threatened to arrest him for non-support; thereafter he contributed $10 to $12 every two weeks to her support, until Nov. 13, 1917. On that date he was employed as a riveter by the Belmont Iron Works, the defendant; while thus engaged in the course of his employment, a plank on a scaffold slipped and he fell a distance of thirty-five feet, landing on a pile of iron bars; in consequence of which he sustained lacerations of the scalp, contusions of the right shoulder, fractures of the right scapula and of the ribs and injury to his lungs; he was removed to the Frankford Hospital, where he remained until he was discharged on Nov. 21, 1917. He was paid $10 per week for twenty-one weeks by the Belmont Iron Works, in pursuance of an Agreement for Compensation duly filed with the Bureau. As a result of the accident, decedent was not able to work or earn any money, excepting for a period of three weeks, up to the time of his death, which occurred Sept. 20, 1920.

After the accident the claimant called on her husband and asked him for support; he told her he was unable to work, and she realized it would be futile to press him under the circumstances; she saw him personally on two occasions thereafter and called to see him on numerous other occasions, but did not find him; she received reports of his condition from his neighbors.

Following the husband's separation from the claimant, she was obliged to obtain employment to maintain herself. From April 1, 1917, to Feb. 6, 1918, she was employed in the kitchen of the Overbrook Golf Club, and received for her services $7 per week and her board and lodging; from Feb. 18, 1918, to the date of the hearing before the referee, she was employed in the same capacity at the Bellevue-Stratford Hotel, receiving for her services wages ranging from $25 to $35 per month and her board and lodging. The remuneration received by claimant while she worked at the golf club and the hotel was not sufficient to properly maintain her; the contributions received from her husband were needed to provide her with necessary clothing. After the accident she was obliged to get along the best way she could with the wages she earned.

Under the circumstances, we are of the opinion that the claimant was "actually dependent" on her husband at the time of his death, within the meaning of the act. Section 307, paragraph 9, of the act provides that "no compensation shall be payable under this section to a widow unless she was living with her deceased husband at the time of his death, or was then actually dependent upon him for support." In Creasy v. Phœnix Utilities Co., 276 Pa. 583, 585, Mr. Justice Frazer, summarizing the law pertinent to the matter now discussed, as found in the cases of Morris v. Yough Coal and Supply Co., 266 Pa. 216, 220, Maguire v. Lees & Sons Co., 273 Pa. 85, 88, and Karpati v. Cambria Steel Co., 70 Pa. Superior Ct. 202, said: ". . . Where the family relation does not exist, that is, where the parties are not living together, the legislature has clearly indicated that the mere fact of dependency in a legal sense is not sufficient. Dependency must be 'actual,' and, therefore, must be affirmatively shown as a fact in the case. . . . No rigid rule can be laid down concerning the amount or character of evidence necessary to show actual

Redmond v. Belmont Iron Works et al.

dependency, but . . . each case must be controlled by its own circumstances. . . . If a wife continues to receive support, whether wholly or in part, she continues to be a dependent within the meaning of the statute, unless the separation amounts to a repudiation of the husband's legal obligation, acquiesced in by the wife. . . . If the separation is merely for the mutual convenience of the parties and the wife is dependent and the obligation of the husband to support her is either recognized or performed, the right to compensation exists as fully as if they were living together, and if, for any reason, the husband fails to perform that duty for a time, the wife remains entitled, upon injury to him, to such compensation as the law provides in cases of dependency." Based upon these legal postulates, the court concludes that the "criterion in cases of this character consequently must be whether or not a wife living apart from her husband and dependent upon him, but not actually receiving support from him, has acquiesced in his action under circumstances amounting to a repudiation by him of his legal obligation to support his family."

Under the law as just stated, it is plain that the wife in the case at bar was "actually dependent" on her husband from the date of the marriage to the time of the accident; during the period of about three years intervening between the accident and the husband's death, she did not receive any support from him because he was unable to work or earn any money by reason of the injuries received in the accident; when the wife requested support from him after the accident, he did not deny his legal obligation, for the time, but excused non-performance of his duty because of his disability. This was a recognition by him of his obligation, and negatives repudiation. The wife's conduct during the period following the accident shows that she did not release him from his legal obligation; she did not and could not compel performance of it, for the time being, because of his condition; her failure to obtain support from her husband was not due to any act or omission on her part; the testimony discloses that she needed, desired and requested support, but she could not as a practical matter enforce payment by legal proceedings, and she should not be expected to continually importune him, when she knew that because of his situation, due to the accident, he would be unable to comply with any demand in that regard. The failure of the husband to contribute to his wife's support, after the accident to the time of his death, did not, under the circumstances, amount to a repudiation of his legal obligation, and the conduct of the wife during the same period cannot be considered acquiescence in the non-performance of his legal obligation. There is nothing in the conduct or situation of the husband and wife which operated to destroy her right to support. The actual dependency of the wife existing at the time of the accident continued until the husband's death, and the widow is entitled to compensation under the act.

### Order.

And now, to wit, Oct. 26, 1923, the exceptions are dismissed. The appeal is dismissed. The award of the Compensation Board is affirmed, and judgment is directed to be entered against the Belmont Iron Works, defendant, in favor of the claimant for $100 on account of the expense of decedent's last illness and burial; and compensation at the rate of 40 per cent. of the maximum weekly wage of $20, or $8 per week, beginning Sept. 20, 1920, and continuing during so much of 300 weeks as claimant remains the widow of decedent, less twenty-one weeks, being the number of weeks compensation was paid to the decedent during his lifetime under Compensation Agreement No. 684,613, making the total amount of compensation due $2332.