## Geytko v. Pittsburgh and Eastern Coal Company et al., Appellant.

*Workmen's Compensation Law—Death—Dependency of wife—Wife living separate and apart from husband—Evidence.*

Where, in a claim for compensation under the Workmen's Compensation Act, it appears that the Claimant's husband was killed in

the course of his employment and that the claimant was dependent upon the decedent for support, compensation will be allowed, even though the claimant lived separate and apart from her husband.

The amount of evidence necessary to show the dependency of a wife who lives separate and apart from her husband depends on the circumstances of each case. Actual dependency does not mean sole and exclusive support, it includes as well partial support. A wife not living with her husband, who is supported by him in whole or in part at the time of an accident, is a dependent within the meaning of the Workmen's Compensation Act.

Actual dependency may exist where a wife has really depended on her husband for support even though default in payment is made by the husband, unless she has acquiesced in his repudiation of the obligation which the law has imposed on him for her support.

Argued April 29, 1926. Appeal No. 153, April T., 1926, by defendant, from judgment of C. P. Allegheny County, January T., 1926, No. 680, in the case of Mrs. Elizabeth Geytko v. Pittsburgh and Eastern Coal Company, Defendant and Aetna Life Insurance Company, Insurance carrier and Intervening Defendant. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP, and CUNNINGHAM. JJ. Affirmed.

Appeal from award of Workmen's Compensation Board. Before FORD, J.

The facts are stated in the opinion of the Superior Court.

The court affirmed the award and entered judgment thereon in favor of the plaintiff in the sum of $1529.40. Defendants appealed.

*Error assigned,* among others, was the judgment of the court.

*John M. Reed,* and with him *Reed and Blair,* for appellant.

*Harmar D. Denny, Jr.,* and with him *Burgwin, Scully and Burgwin,* for appellee.

Opinion by Gawthrop, J., July 8, 1926:

Claimant's husband was accidently killed on January 30, 1917, while engaged in the performance of his duties as a loader at one of the mines of the Pittsburgh and Eastern Coal Company. The claim made under the Workmen's Compensation Act by his surviving wife, with the award by the referee in her favor, was sustained by the compensation board and the court below. The sole question presented to us is whether the record contains evidence sufficient to sustain the finding that the widow was actually dependent upon her husband for support at the time of his death. It is undisputed that the claimant is, and has been, a resident of Hungary; that she was lawfully married to the deceased in that country in 1897; that they lived together there as husband and wife until the former emigrated to America on April 28, 1914, with the knowledge of the claimant, but not with her consent; that he found employment with the defendant coal company; and that he sent his wife two money orders, one dated June 14, 1915, for $12, and the other dated March 31, 1916, for $52. The brother of the deceased described the last conversation between the husband and wife in Hungary as follows: "She said, 'all right you go, I don't care, but when you make something then you come back.' " He testified that the deceased talked about going back to Hungary when he made some money, and that he wrote letters to his wife and sent money to her. The wife testified that she received several letters from her husband expressing an intention to return to Hungary, and that she was dependent on him for support at the time of his death. We are quite clear that these admitted facts and this evidence are sufficient to warrant the finding of fact by the referee, that the claimant was actually dependent upon her husband for support at the time of his death. The amount of evidence necessary to

show the dependency of a wife who lives separate and apart from her husband depends on the circumstances of each case.  Actual dependency does not mean sole and exclusive support, it includes as well partial support.  A wife not living with her husband, who is supported by him in whole or in part at the time of an accident, is a dependent within the meaning of the statute:  Shimkus v. Phila. & Reading C. & I. Co., 280 Pa. 88.  On principle that case rules this. Actual dependency may exist where a wife has really depended on her husband for support even though default in payment is made by the husband, unless she has acquiesced in his repudiation of the obligation which the law has imposed on him for her support: Creasy v. Phoenix Utilities Co., 276 Pa. 583.  There was no evidence of such acquiescence here.  The compensation board was clearly right in allowing the widow compensation.

The judgment is affirmed.