Allem (Ahlum), Appellant, *v.* E. J. Romig & Son et al.

Argued November 17, 1930.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham, Baldrige and Whitmore, JJ.

*John L. DuBois,* for appellant.

*Clarence J. Buckman* of *Buckman & Buckman,* for appellee.

Opinion by Gawthrop, J., December 27, 1930:

Claimant's husband was accidentally injured on June 21, 1928, while in the course of his employment with defendant, and as a result thereof died the next day. The claim made under the Workmen's Compensation Act by his surviving wife on behalf of herself was disallowed by the referee. The compensation board dismissed her appeal and the common pleas sustained the board.

The sole question presented to us is whether the record contains evidence to sustain the finding that the widow was not dependent upon her husband for support at the time of his death. A careful examination of the evidence has convinced us that it sustains the finding of the following facts by the referee:

Claimant and decedent were married February 28, 1925, and for the succeeding three months resided with her brother. In June, 1925, by reason of the expected birth of a child, it was agreed that claimant should return to the home of her parents during confinement. Decedent went to live with his parents at Richland-town, which was about ten miles distant from the home of claimant's parents, and made frequent visits to her at her parents' home until April 17, 1926. The child was born September 2, 1925, and died almost immediately thereafter. In March, 1926, decedent spoke to claimant about starting housekeeping and made arrangements to rent a third floor of a house, but for some reason which did not appear claimant did not leave her parents' home. On April 17, 1926, decedent informed his wife that he would not come to see her any more and would not support her, and on April 21, 1926, caused a notice to be inserted in a newspaper published in a nearby town to the effect that he would not be responsible for any debts contracted by his wife after that date. Thereafter decedent continued to live with his parents until the time of his death, while claimant resided with her parents. Neither of the parties had any correspondence with each other after April, 1926. He did not contribute anything to her support and she did not make any demand on him for the same. Claimant was supported partly by her father and partly by her own earnings, she being employed at times at a clothing factory. In May, 1928, more than two years after their separation claimant consulted an attorney with reference to securing a support order upon her husband, but nothing was done in the matter and he died about a month later. These facts, supported as they are by competent evidence, fully warrant the ultimate conclusion of fact that when the husband died claimant was not actually dependent upon him for support. ''The right of claimant was de-

termined on a consideration of facts, a review of which we are not authorized to entertain": Karpati v. Cambria Steel Co., 70 Pa. Superior Ct. 202, from which this case is not distinguishable on its facts, in which it was decided that to hold the employer to make compensation it must affirmatively appear that the wife was actually dependent. It seems to us that appellant acquiesced in her husband's repudiation of his legal obligation to support her. This is the real criterion in cases of this character: Creasy v. Phoenix Utilities Co., 276 Pa. 583. The order of the court below sustaining the Workmen's Compensation Board was right.

The judgment is affirmed.