Pykosz *v.* Koehler and Streng et al., Appellants.

Argued April 27, 1932.

Before Trexler, P. J., Keller, Gawthrop, Cunningham, Baldrige, Stadtfeld and Parker, JJ.

*Murray J. Jordan,* and with him *Fred J. Jordan,* for appellants.

*R. J. Lucksha,* for appellee.

OPINION BY BALDRIGE J., July 14, 1932:

The sole question in this appeal is: Did an alien, non-resident widow establish her dependency within the meaning of the Workmen's Compensation Act?

Mike Pykosz and the claimant were married in Pittsburgh, November 15, 1897. After living there for ten years, they returned to Poland. In 1908, the decedent, with his wife's consent, came back to the United States to earn money for his family's and his own maintenance, and to pay off his debts. The wife and their five children remained in their native land. On August 14, 1929, while in the course of his employment with the defendant, the deceased was injured, and death resulted therefrom.

The testimony upon the part of the claimant is, that between 1908 and 1914 her husband forwarded to her, by mail, numerous remittances of money. Communication with him ceased during the World War and for some time thereafter due to disturbances that followed. The husband had accumulated some money, and was arranging to return to Poland, but was robbed of his savings, which prevented him from making the trip; and thereafter he got out of work and was financially unable to send his wife money. A letter was offered in evidence, bearing date of September 12, 1928, written by the deceased, addressed to "Most beloved wife and dear children," wherein he assured his wife that he had not forgotten her and the children, but that he had not sent money as he had been out of work for a long time, and reminded her of the money he had sent her in the past. This letter was signed, "Your loving husband and father." The following postscript was added: "Dear wife write to me." His expressions all through the letter clearly indicate that although he and his wife were not living together, there was no intention of a permanent separation. They were living apart, not from desire, but for the purpose of endeavoring to improve their eco-

nomic conditions. The husband had purchased a farm on which the wife and children lived and much of their maintenance was derived therefrom. This source of supply was, in effect, a contribution which he was making toward the support of his family during his absence. There is no evidence of either a repudiation upon the part of the husband of his obligation to support his wife or an acquiescence to a permanent separation on her part: Creasy v. Phoenix Utilities Co., 276 Pa. 583.

It has been held many times that actual dependency, as contemplated by the compensation act, does not mean sole and exclusive support. If a wife, not living with her husband, was actually dependent upon him for partial support, although all contributions made by him may have ceased temporarily, and there was a mutual intent to continue the marital status, the widow is entitled to an award: Geytko v. P. & E. Coal Co., 88 Pa. Superior Ct. 522; Bobic v. Pgh. Gas Coal Co., 93 Pa. Superior Ct. 494. The amount or character of evidence necessary to show actual dependency is contingent upon the circumstances in each case; no rigid rule can be laid down: Morris v. Yough Coal & Supply Co., 266 Pa. 216. If the finding of dependency is based on sufficient competent evidence, it is our duty to sustain the award.

The referee, board and court below all determined that the competent evidence established that the wife was actually dependent, as provided by law, upon her husband for support at the time of his death. A review of the testimony brings us to the same conclusion.

Judgment is affirmed.