## Evans, Appellant, v. Pittsburgh Coal Co.

Argued April 28, 1932.

Before Trexler, P. J., Keller, Gawthrop, Cunningham, Baldrige, Stadtfeld and Parker, JJ.

*W. Davis Graham,* for appellant. (No printed brief or record filed.)

*Daniel H. Gibson,* and with him *Rose & Eichenauer,* for appellee.

OPINION BY BALDRIGE, J., July 14, 1932:

Mitchell Evans was fatally injured on August 16, 1929, in the course of his employment with the Pittsburgh Coal Company. Henry Evans filed a claim for compensation as a dependent parent. Testimony on behalf of the claimant was taken by depositions. No evidence was offered on the part of the employer.

The appellee denied the relationship and dependency. The referee found the claimant was the father of the deceased, but that dependency was not proven. There were two prior proceedings instituted by alleged dependent widows. The referee, in finding adversely to the claimant's dependency, improperly considered evidence taken in these two former proceedings. The board, however, disregarded that evidence and found there was insufficient proof of dependency. The common pleas affirmed the findings of fact and conclusions of law of the board.

Whether or not there was actual dependency is a fact to be determined by the board. As stated in Morris v. Yough Coal & Supply Co., 266 Pa. 216, dependency does not mean sole and exclusive support; if a partial support has been proven, it is sufficient. The board properly stated that in a compensation case the burden of proof is upon the claimant to prove his claim by a preponderance of the evidence; but it evidently did not apply this rule, for, in its opinion, it stated: "Plainly, the claimant has failed to establish by com-

petent, convincing and conclusive proof that he was dependent to any extent upon his deceased son for support.'' That is not the measure or quality of proof required; it is too high a standard. All that was incumbent upon the claimant was to convince the board of his right to an award by the preponderance of the evidence. There are but few instances, and this is not one of them, where the principle of conclusive evidence applies. See Wigmore on Evidence, 5th Ed., sec. 2453.

This record is remitted to the court below to the end that it may be by that court returned to the board for it to determine whether the claimant successfully met the burden of proof placed upon him by law to establish his case by the preponderance of the evidence.