John v. Susquehanna Collieries Company, Appellant.

Argued March 5, 1934.

Before TREXLER, P. J., KELLER, CUNNINGHAM, BALD-RIGE, STADTFELD, PARKER and JAMES, JJ.

494

*Henry A. Gordon,* and with him *T. G. Wadzinski,* for appellant.

*Edward Darling,* and with him *Bedford, Jones, Mc-Guigan & Waller,* and *Middleton, Blakeley & Richardson,* for appellee.

OPINION BY CUNNINGHAM, J., July 13, 1934:

David John died September 2, 1929, as the result of an accident which it is conceded occurred in the course of his employment. A claim petition was filed by his widow, Florence John, a citizen of Great Britain, and therefore a non-resident alien. Her right to recover is controlled by Section 307 (9) of the Workmen's Compensation Act of June 2, 1915, P. L. 736, 744, which provides: "No compensation shall be payable under this section to a widow, unless she was living with her deceased husband at the time of his death or was then actually dependent upon him for support." Claimant did not accompany her husband to the United States and the sole question involved upon this appeal is whether she was, at the time of his death, actually dependent upon him.

After a hearing, compensation was denied by the referee, but his findings of fact and conclusions of law were set aside by the board, which substituted its own findings and awarded compensation in accordance with the act. The appeal of the employer to the court

below was dismissed and it now appeals to us. The facts, as found by the board, are substantially as follows: Decedent married claimant January 5, 1904, in Wales, where she has since resided. On April 20, 1910, decedent having been found guilty, in the appropriate local court, of such persistent cruelty to his wife as to cause her to live apart from him, she was awarded separate maintenance for herself and their three children in a stated weekly sum. Support was paid under this order until 1914, when decedent enlisted in the British army and served therein until the latter part of 1919. During the period of his service an equivalent weekly sum was deducted from his pay and turned over to claimant. In December 1919, decedent, after leaving the service, sailed for this country, promising claimant at the time that he would continue to contribute to her support as soon as he was able to obtain work. After his departure, however, she received no communication from him in any form. Claimant then applied to the local court for enforcement of the original support order, but was unable to obtain relief as her husband was beyond its jurisdiction. She then applied for and received support from the local poor authorities from January 1920 until July 1924, when relief was discontinued because the children were then able to support themselves. From that time until decedent's death, claimant received some support from her children; this was supplemented by her own earnings as a domestic and occasional contributions from her immediate family. Upon these facts, the board made the further finding that decedent abandoned claimant in December, 1919, and repudiated all marital obligations to her; that claimant never acquiesced in his actions, but took all measures available to her to compel support; and that she was in fact dependent upon him for support at the time of his death.

There was sufficient competent evidence to support the board's basic findings of fact. The case, as presented by the claimant, consisted of affidavits and answers to interrogatories submitted to her, her sister, the local authorities and certain acquaintances; appellant offered no evidence. The referee refused compensation, not because he did not give full credence to the evidence presented, but because he thought it did not establish actual dependency. Under the evidence, the board was justified in substituting its own findings for his.

Appellant contends that a finding of actual dependency is without basis in fact where no support is being received at the time of death, and where none is in prospect. Its position is best stated by the following quotation from its brief: "The real practical matter in a question of dependency is whether assistance has been given or could reasonably have been expected from the victim of the accident. It is not in the mere possession of a legal right, but rather on the effective enforcement of it in some shape or form that a wife relies for her support. There being no reasonable probability that the deceased would ever have discharged the legal obligation, the pecuniary loss sustained by the claimant by reason of the death of her husband was nil."

This argument goes too far. The adoption of appellant's contention would be equivalent to saying that a wife who has been wilfully and maliciously deserted by her husband is not entitled to compensation by reason of his death. Moreover, it is directly opposed to the decision of our Supreme Court in Creasy v. Phoenix Utilities Co., 276 Pa. 583, 120 A. 659.

Since this case is, in our opinion, controlling, its facts may be outlined. Claimant and decedent were married December, 1917. They lived together until the fall of the following year, when decedent sent

claimant to her home and went to Virginia to procure employment, stating that he would send money for her support. Decedent, however, made no effort to return to his wife, nor did he contribute anything to the support of herself or their child until his death in May, 1920. In the meantime, claimant worked for a short time in a factory, and afterwards assisted in the housework of her father's home, in return for which she received food and lodging for herself and child. On two occasions she instituted support proceedings against her husband, but was unable to obtain service of the warrant. In holding that actual dependency existed, the Supreme Court said (p. 586):

"If the separation is merely for the mutual convenience of the parties and the wife is dependent and the obligation of the husband to support her is either recognized or performed, the right to compensation exists as fully as if they were living together and if, for any reason, the husband fails to perform that duty for a time, the wife remains entitled, upon injury to him, to such compensation as the law provides in cases of dependency: Gentile v. Phila. & Reading Ry. Co., 274 Pa. 335, 339. If this were not so, the mere fact of separation, though perhaps for a proper and legitimate purpose, such as the future establishment of a new home, would, in all cases, bar a claim on behalf of the family. That it was not the intention of the legislature to establish such a harsh rule seems amply proven by the fact that the word 'dependent' was used rather than make the right of the widow depend upon the fact of receiving support at the time of the accident. The criterion in cases of this character, consequently, must be whether or not a wife, living apart from her husband and dependent upon him, but not actually receiving support from him, has *acquiesced* in his action under circumstances amounting to a

repudiation by him of his legal obligation to support his family.

"In the present case the separation in the beginning indicates a proper purpose, viz, to enable the husband to procure more remunerative employment, and consent thereto by the wife would not necessarily bar her claim for compensation. As time passed it became apparent to her that her husband had decided to *repudiate* his obligation. She refused to *acquiesce* in his decision and began proper legal proceedings for the purpose of forcing him to support herself and child. The failure to prosecute these proceedings to final judgment was not due to neglect or omission on her part, but to the fact that he avoided arrest, notwithstanding her repeated efforts to have the warrant executed." (Italics supplied).

The principles thus stated are directly applicable to the present case. Prior to the war, claimant received contributions under a support order. These were continued during the period of the war by deductions from her husband's pay. When he came here in 1919, he promised to send money for the support of claimant and the children. There is not a word of testimony up to this point to indicate that claimant ever ceased to enforce her rights or to look to her husband for support. When, after his departure, such support was not forthcoming, she sought to have the court order enforced against him, but of course was informed that this was impossible. At no time did she acquiesce in any way in a rupture of the marital ties or in her husband's repudiation of his obligations. Furthermore, the record is eloquent on the fact that his support was actually needed for her proper maintenance.

Appellant recognizes the force of the Creasy case, but argues that the principle of law there declared was "engrafted" on the provisions of the statute. It is

sufficient to say that the decision dealt with a set of facts not before presented and has been reaffirmed in a later case.

In Shimkus v. Phila. & Reading C. & I. Co., 280 Pa. 88, 91, 124 A. 335, the Supreme Court said, inter alia: "Actual dependency may exist though no money has in fact been paid to the wife (Creasy v. Phoenix Utilities Co., supra), and so it should where a wife is really dependent on the husband for support of herself and children, even though default in payment is made by the husband, unless she has acquiesced in the repudiation of the obligation which the law has imposed upon him."

These principles have been adopted in Geytko v. Pittsburgh and Eastern Coal Co., 88 Pa. Superior Ct. 522, 525, and in later decisions of this court. They definitely demonstrate that actual dependency may exist although the husband may not, in fact, have been performing his obligations at the time of his death. Appellant states that in every case where an alien non-resident widow has been allowed compensation, there has been evidence that the husband had contributed to her support while he was in this country. Such facts, however, are not controlling. Receipt of support is of course evidence tending to show actual dependency. A failure to give support, on the other hand, does not conclusively negative dependency where the wife has not acquiesced in the default or treated the relationship as terminated. With respect to the application of the principles thus established, an alien non-resident widow stands in no different position from that of a citizen of this country. We may add that in Karpati v. Cambria Steel Co., 70 Pa. Superior Ct. 202 and Allem (Ahlum) v. E. J. Romig & Son, 100 Pa. Superior Ct. 502, (cases in which a husband had failed to make contributions to the support of his wife) there was, in addition, definite findings of ac-

quiescence by the wife in the repudiation of his obligations. Our conclusion is that the court below did not err in dismissing appellant's appeal from the award, but a judgment should also have been entered thereon.

The record is remitted to the court below with instructions to enter a judgment in favor of claimant upon the award.