HENRIETTA V. KOEPPEL, Plaintiff Below, Appellant, *v.* E. I.
DU PONT DE NEMOURS & COMPANY, a Delaware Corporation, Defendant Below, Appellee.

(*October* 26, 1937.)

WOLCOTT, Chancellor, RICHARDS and SPEAKMAN, J. J., sitting.

*George Gray Thouron* (of Ward and Gray) and *Thomas M. J. Regan* (of Philadelphia, Pa.) for Appellant.

*Harold C. Haskell* and *Abel Klaw* for Appellee.

Supreme Court, No. 1, October Term, 1936.

SPEAKMAN, J., delivering the opinion of the Court:

. The first and second points argued will be considered together. They are

Point 1. Was the claimant "actually dependent" on the decedent at the time of his death?

*Point 2.* The claimant contended that she relied on the support of her husband with a reasonable expectation of receiving it, and claimed that she did not acquiesce in her husband's non-support; she is, therefore, entitled to compensation under the act.

The pertinent provision of the *Delaware Workmen's Compensation Law* is *Section* 11 thereof (*Section* 6081 of the *Revised Code* of 1935), which reads, in part, as follows:

"No compensation shall be payable under this section to a widow, unless she was living with her deceased husband at the time of his death or was then actually dependent upon him for support."

In this' case the claimant was not living with her deceased husband at the time of his death, so the sole question for the determination of this Court is whether or not the claimant was "actually dependent," within the meaning of the act, upon her husband for her support at the time of his death.

The Court Below found that the claimant was not so actually dependent.

The claimant complains that no consideration was given by the Court Below to the Pennsylvania cases cited by the claimant, which interpreted a clause of the Pennsylvania act (77 *P. S. Pa.,* § 562) identical with that of the

Delaware act in question. The claimant says that the Court Below brushed aside what the claimant refers to as the "obviously sound principles" announced by the Pennsylvania decisions.

The complaint of the claimant is based upon the following language used by the Court Below:

"Pennsylvania seems firmly committed to the doctrine that where a wife is not living with her husband her status, on his death, as one 'actually dependent upon him for support' depends upon whether or not he has repudiated his legal obligation to support her and whether or not she has acquiesced in such repudiation. Where she has not acquiesced in such repudiation of her husband's obligation, she has been held to be actually dependent. *Creasy v. Phoenix Utilities Co.*, 276 *Pa.* 583, 120 *A.* 659; *Morris v. Yough Coal & Supply Co.*, 266 *Pa.* 216, 220, 109 *A.* 914; *Shimkus v. Philadelphia & Reading Coal & Iron Co.*, 280 *Pa.* 88, 124 *A.* 335; *Pykosz v. Koehler & Streng Co.*, 105 *Pa. Super.* 605, 161 *A.* 469; *John v. Susquehanna Collieries Co.*, 113 *Pa. Super.* 493, 173 *A.* 684. Where she has acquiesced in the repudiation, she has been denied compensation. *Karpati v. Cambria Steel Co.*, 70 *Pa. Super.* 202; *Allen v. E. J. Romig & Son*, 100 *Pa. Super.* 502."

In commenting on this statement the Court Below said:

"With all due respect to the Pennsylvania decisions, we think they have misconstrued the purposes of compensation legislation and have engrafted upon the Act something entirely foreign to it. Under these decisions the word 'actual' is entirely superfluous and is given no consideration at all."

For the purpose of showing the claimant's interpretation of the meaning of the phrase "actual dependency" the claimant refers to and discusses the following Pennsylvania cases: *Creasy v. Phoenix Utilities Company*, 276 *Pa.* 583, 120 *A.* 659, 660; *Savic et al. v. Pittsburgh Gas Coal Company*, 93 *Pa. Super.* 494; *Sznitko v. Maher & Graff Coal Co. et al.*, 93 *Pa. Super.* 463; *Morris v. Yough Coal & Supply Co.*, 266 *Pa.* 216, 109 *A.* 914; *Dunbar v. B. A. Jacobson, Inc.*, 106 *Pa. Super.* 95, 161 *A.* 431; *Pykosz v. Koehler & Streng Co.*, 105 *Pa. Super.* 605, 161 *A.* 469; *Evans v. Pittsburgh Coal Co.*, 105 *Pa. Super.* 558, 161 *A.* 452; *Mayfield v. Kerr et al.*, 102 *Pa. Super.* 532, 157 *A.* 506; *John v.*

*Susquehanna Collieries Co.,* 113 *Pa. Super.* 493, 173 *A.* 684; and the following cases from other jurisdictions: *McHugh v. E. I. Dupont de Nemours & Co.,* 39 *N. J. L. J.* 153, 13 *N. C. A.* 194; *Maryland Casualty Company v. Campbell,* 34 *Ga. App.* 311, 129 *S. E.* 447; *Shaffer et al. v. Williams Bros., Inc.,* 226 *Mo. App.* 635, 44 *S. W.* (2d) 185; and *In re Carroll,* 65 *Ind. App.* 146, 116 *N. E.* 844.

In the present case, the claimant by her reliance on the Pennsylvania decisions necessarily maintains that she did not acquiesce in the repudiation of her husband's obligation.

The case of *Creasy v. Phoenix Utilities Company, supra,* has frequently been referred to as establishing the pertinent Pennsylvania rule. The Pennsylvania Court in deciding the case said:

"Where the family relation does not exist—that is, where the parties are not living together—the Legislature has clearly indicated that the mere fact of dependency in a legal sense is not sufficient. Dependency must be 'actual,' and therefore must be affirmatively shown as a fact in the case. *Morris v. Yough Coal Co.,* 266 *Pa.* 216, 220, 109 *A.* 914; *Maguire v. James Lees & Sons,* 273 *Pa.* 85, 88, 116 *A.* 679. As to this we have held that no rigid rule can be laid down concerning the amount or character of evidence necessary to show actual dependency, but that each case must be controlled by its own circumstances. * * * The criterion in cases of this character, consequently, must be whether or not a wife, living apart from her husband and dependent upon him, but not actually receiving support from him, has acquiesced in his action under circumstances amounting to a repudiation by him of his legal obligation to support his family."

In the case of *Shaffer et al. v. Williams Bros., Inc., supra,* the claimants were the parents of the deceased employee. The Missouri Court in construing the meaning of the phrase "actually dependent for support in whole or in part" said: "As to whether dependency may be found in respect of conditions that are to commence in the future * * *. The promise of the child, or the implication from the relations of the parties, may give rise to a reasonable

expectation of future support and maintenance, just as effectively as past contributions." This case supports, to some extent, the claimant's contentions in the case under consideration by this Court.

In the New Jersey case of *McHugh v. E. I. Dupont de Nemours & Co., supra,* the Georgia case of *Maryland Casualty Company v. Campbell, supra,* the respective Courts were considering the meaning of the word "dependency" and not its meaning as qualified by the word "actual," or by a word or words of like import.

The case of *McHugh v. E. I. Dupont de Nemours & Co., supra,* was decided under the *New Jersey Act* of 1911, as amended and in force in 1915. By an amendment in or a year or so prior to 1915 the word "actual" modifying the word "dependent" in *paragraph* 12 of the *New Jersey Act* of 1911 was stricken out. In an opinion dated June 4, 1915, the Supreme Court of New Jersey in construing *paragraph* 12 of the *New Jersey Act* as it read before the word "actual" was dropped therefrom, in the case of *Hammill v. Pennsylvania R. Co.,* 87 *N. J. L.* 388, 94 *A.* 313, 314, said:

"We understand the phrases 'actual dependent' and 'who are dependent upon the deceased' as used in *paragraph* 12 of the *Act* as amended (*P. L.* 1913, *p.* 305) to mean relatives in some degree mentioned in that paragraph, who were being wholly or to a substantial degree supported by the deceased at the time of his death."

In *Merriman v. Scovill Mfg. Co.,* 1 *Conn. Comp. Dec.* 598, the Court held that "actual dependency" means that the claimant was an actual dependent at the time of the injury, not merely that he had a reasonable hope of future benefits.

The right to compensation under the British act rests entirely upon actual dependency, in all cases. It is one of the facts which must be proved to entitle the claimant to any compensation whatsoever. In this respect it is some-

what analogous to the right to recover damages for death under the employers liability laws.

*Bradbury's Workmen's Compensation Law, page* 744. See also the leading English case of *New Monckton Collieries v. Keeling,* 4 *B. W. C. C.* 332.

The rule as approved by the Court Below is:

"That a wife actually dependent upon her husband must be one, who, in fact and reality, either receives from her husband or relies upon her husband for some of those reasonable necessaries consistent with her condition in life or who, in fact and reality, looks to her husband with some reasonable expectation or prospect of some degree of future maintenance or support."

Citing 28 *R. C. L.* 770; *Miller v. Public Service R. Co.,* 84 *N. J. L.* 174, 85 *A.* 1030; *Batista v. W. Jersey & S. R. Co. (N. J. Sup.),* 88 *A.* 954.

The claimant directs attention to the fact that the pertinent section of the Delaware act follows, word for word, and punctuation mark for punctuation mark, *Section 307, Paragraph* 7 of the *Pennsylvania Workmen's Compensation Act* of 1915, as amended (77 *P. S. Pa.,* § 562), and suggests that the Delaware act was modeled after the Pennsylvania act, and says in her brief "that when a statute of one State has been modeled after that of a sister State the Court when construing such a statute will be guided by the interpretations of the Courts of its sister States, in construing the identical statute." Citing *Chicago Corporation v. Munds,* 20 *Del. Ch.* 142, 172 *A.* 452.

■ We are in entire accord with the ruling of the Chancellor in the *Chicago Corporation Case,* where the Chancellor followed the well recognized rule of construction as stated by Sutherland on *Statutory Construction,* § 333, that

"Where the terms of a statute which has received judicial construction are used in a later statute, whether passed by the legislature of the same state or country or by that of another, that construction is to be given to the later statute."

Assuming, but not admitting, that the Delaware act was modeled after the Pennsylvania act, the rule as laid down by Sutherland, and which is far from being correctly stated by the claimant, has no application to the instant case because, as stated by the claimant in her brief, "a diligent search has failed to reveal any Pennsylvania decisions interpreting the 'actual dependency' clause of the Pennsylvania statute rendered prior to the adoption of the identical paragraph by the Delaware Legislature in our *Workmen's Compensation Act.*"

The province of this Court is to ascertain the legislative intent in the use of the words "actually dependent." We have no right to contract or extend the provisions of the act.

The Courts of this country have been called upon on numerous occasions to define the word "dependent" as used in the *Workmen's Compensation Acts* of the several States.

See annotations in 13 *A. L. R.* 686; 30 *A. L. R.* 1253; 35 *A. L. R.* 1066; 39 *A. L. R.* 313; 53 *A. L. R.* 218; 62 *A. L. R.* 160; 86 *A. L. R.* 866, and 100 *A. L. R.* 1091.

In this State in the case of *Shaw Co. v. Palmatory,* 7 *Boyce* 197, 105 *A.* 417, 418, it was said by the Superior Court:

"We think it not possible to state a complete and exhaustive definition of the word as used in *Workmen's Compensation Laws;* but the definition stated by the court in the case of *In re Hora, Vol. 1, No. 7 Bul. Ohio Industrial Commission,* 173, is as satisfactory as any we have seen. The court in that case defined dependency to be 'dependent for the ordinary necessities of life for a person of that class and position in life, taking into account the financial and social position of the recipient.' "

In the case under consideration the Court Below said:

"Disclaiming the ability to make a comprehensive definition to cover every case, we think a dependent, within the meaning of the

pertinent section, is one who is sustained by or who relies for support upon the aid of another, or who looks in some way to that person for those reasonable necessaries consistent with his or her position in life and who does so with some reasonable expectation of future support."

The definition given by the Court Below is not materially different from that given by most of the Courts of this country in analogous cases. In our opinion the definition given by the Court Below to the word "dependent" is correct.

The qualifying word "actually" is a word in common use and therefore it is to be given its natural, plain and ordinary meaning, unless such meaning would defeat the manifest intent of the Legislature.

The ordinary definition of the word "actually" is "In act or in fact; in point of fact; in truth." *Webster's International Dictionary* (*2d Ed.*). We believe that this definition is in harmony with the subject matter and purpose of the act.

The Pennsylvania decisions on which the claimant so strongly relies place great emphasis on the fact of a husband's legal liability to support his wife and on her refusal to acquiesce in his repudiation of that liability, as demonstrating that his wife was "actually dependent" upon him within the meaning of the act. We are of the opinion that actual dependence is not shown by the fact alone of the existence of the liability and the wife's refusal to acquiesce in its repudiation, as appears to be held in some at least of the Pennsylvania cases. Our view in this regard is somewhat confirmed by the recurrence of the phrase "actually dependent" at a later place in the same section of the act which deals with widows—namely, at the place where it is provided that in case there be no widow, widower, children or dependent parent, then the compensation shall be paid to the "brothers and sisters if actually dependent to any extent upon the decedent for support." Here we have the

phrase, "actually dependent," used in association with persons towards whom the decedent was under no legal obligation whatever to render support. If the phrase appears in one connection in the statute in a relationship entirely disassociated from legal obligations, there is considerable force in the thought that when the phrase is used in another relationship it is likewise free of any connotation of legal obligation. The utmost effect that the existence of a legal obligation to render support can have upon the question of actual dependence is to serve as one of the relevant facts among all the other pertinent facts to be considered by the deciding tribunal in answering the question. The obligation and dissent from its repudiation, standing alone, are not enough to demonstrate an actual dependence. Something more must be shown—enough to disclose a reasonable and probable expectation that insistence upon the performance of the obligation will be productive of some degree of support.

We are, therefore, in entire accord with the Court Below in its interpretation of the meaning of the phrase "actually dependent."

██ The Court Below found on the facts as shown by the stipulation of counsel and the uncontradicted testimony of the claimant that the claimant had been living apart from her husband for four years and ten months and had received no support from him during that time other than a gift of $1.00; that there was no cessation by his death of any support which she had been getting or which she had relied on; that the claimant's statement that she had "a hope of future support if he got a job" did not sustain any reasonable expectation on the claimant's part of future support; that expectation on the part of the claimant was not established by expression of hope or desire, and that the element of expectation was entirely lacking and not borne out by any facts.

The value of the evidence tending to show that there was such reasonable expectation or prospect of some degree was a question of fact for the determination of the Court Below. Unless there is the absence of sufficient warrant for so finding from the evidence, we are not justified in disturbing the conclusion reached by the Court Below. From a careful review of the facts as stipulated and as shown by the evidence, it is our opinion that the Court Below was reasonably warranted in reaching the conclusion that the claimant was not actually dependent upon her husband at the time of his death.

The remaining point argued is

▮ Point 3. There being a legal obligation on the part of the decedent to support his wife whom he had deserted, the Court Below erred in not taking into consideration in handing down its opinion this legal obligation.

This point is covered by the claimant's assignment of error No. 7, which is:

That the Court erred in holding in its opinion that

"The Act does not purport to enforce or to pay compensation for moral or legal obligations to support, but merely to compensate a beneficiary for something that she had a reasonable expectation of obtaining. Actual dependency involves a question of actual fact and cannot be settled by a consideration of moral or legal obligations."

But the Court Below did not stop here, continuing it said:

"Where a wife is not living with her husband and is receiving no support from him, her action in attempting to enforce his obligation, or her failure to do so, may be of considerable evidential value. This value does not spring from the mere acquiescence in her husband's repudiation of his legal obligation but its evidential value lies in the bearing it may have on her reliance upon or her looking forward to that future support and upon the reasonableness of her expectation of obtaining it."

The view taken by the Court Below is substantially the same as that taken by the House of Lords in the case

of *New Monckton Collieries v. Keeling, supra,* which is relied upon by the claimant as an authority on the third point, in which the rule was laid down "that the mere fact that a man in ordinary circumstances is liable to support his wife in law, is not of itself sufficient evidence to support a claim for compensation by his widow; that the obligation or liability to support is not the same as actual support."

In the case Lord Robson declared:

"Money coming to a widow under the Act is not a present in consideration of her status; it is a payment by a third person to compensate her, as a dependent, for her actual pecuniary loss by her husband's death and  *  *  *  there is no rule of law to prevent the arbitrator from finding that, though married to the deceased the applicant was not in fact dependent upon him."

The only other cases relied upon by the claimant on the third point are the Pennsylvania cases of *Savic et al. v. Pittsburgh Gas Coal Company, supra,* and *Feldman v. Pictorial Review-Women's World Pub. Co.,* 122 *Pa. Super.* 491, 186 *A.* 308.

These cases are not in accord with the rule in *New Monckton Collieries v. Keeling,* in which in our opinion the reasoning has the advantage in logic over the holdings of the Pennsylvania Courts.

We are of the opinion that the Court Below in its finding of facts considered the question of the legal obligation of the deceased employee to support his wife, so far as it was justified, in connection with the other facts and circumstances of the case.

We say in conclusion that we have not considered to what extent, if any, the jurisdiction of this Court is limited under the Writ of *Certiorari* to review the findings of law and the findings of fact by the Court Below. The question was raised but not argued at the hearing.

The exceptions are overruled and the judgment of the Court Below is affirmed.