## Howard v. McClane et al.

*Bloom & Bloom,* for claimant.

*Samuel G. Wagner,* of *Wagner & Wagner, George V. Meyer, C. L. V. Acheson,* and *Thomas L. Anderson,* for defendants.

GIBSON, J., August 26, 1939.—The record shows that Jesse H. Howard, Jr., a minor 19 years of age, while in the employ of defendant, died February 23, 1938, from injuries received in such employment. Claim is made by his father, Jesse H. Howard, as a dependent parent. The father, Jesse H. Howard; the mother, Mary L. Howard, and a sister nine years of age, Lucretia Howard, resided together, and the deceased was a member of that family. The testimony taken is that only of the claimant, Jesse H. Howard. It shows that deceased, during his employment

over a period of about four months, "paid his mother $4 a week for board", bought his own clothes as he needed them, and "he would give her [his mother] a dollar now and then if she needed it". He made no other contributions to the family. The father had been employed on the McClane farm, on which he lived in a tenant house, since 1901, supporting his family and receiving as part of his compensation free use of the house and also the sum of $15 per week.

The referee made no finding of fact regarding dependency or any contribution of deceased to his parents, other than the fact that he paid $4 per week board and occasionally contributed a dollar to his mother. However, the referee found as a question of law: "Third: That the parents and sister are not dependent within the meaning of the act." The Workmen's Compensation Board reversed this conclusion of law, adopted its own conclusion: "Fourth: Since the deceased employe was a minor who had been contributing to his parents, under the provisions of section 307, para. 5, dependency is conclusively presumed. Such dependency, however, is partial and not total"; and made an award in favor of the parents, from which this appeal was taken. The Workmen's Compensation Board based its conclusion of law on the provision of The Workmen's Compensation Act of June 2, 1915, P. L. 736, as amended by the Act of June 4, 1937, P. L. 1552, sec. 307, para. 5, which provided where the deceased left neither widow nor children entitled to compensation, "then to the father or mother, if dependent to any extent upon the employe at the time of the accident, twenty-five per centum of wages, but not in excess of ten dollars per week: Provided, however, That in the case of a minor child who has been contributing to his parents, the dependency of said parents shall be conclusively presumed". The word "conclusively" was added by this new Workmen's Compensation Act, supra, which became effective as to the section referred to, January 1, 1938. If this act applies and it be found as a fact that the deceased minor

"has been contributing to his parents", then the conclusions of the board must be sustained. The difficulty is there is no finding of fact by either the referee or the Workmen's Compensation Board that the deceased minor "has been contributing to his parents". The only evidence whatever was that he paid $4 per week for his board and occasionally gave a dollar to his mother. The statute is designed and intended to provide compensation for a loss of support. Where such loss did not exist compensation does not accrue: Corcoran v. Pennsylvania Coal Co., 76 Pa. Superior Ct. 325, 327. We do not agree that the payment of board is "contributing to his parents". It was not paid for their support or relief, but for his own support and benefit. There is nothing tending to show that the amount paid was more than it was worth, or that it was in the nature of a contribution, or that it was more than he would have been obliged to pay elsewhere, and maintenance of himself does not amount to a contribution for the support of the parents. Neither are we satisfied, under the evidence as produced, that an occasional gift of a dollar to the deceased's mother amounted, within the intent of the act, to a contribution to the parents. It may be that, because of the low price fixed for the board, this was an occasional gift. The number of times is not given, neither is the total amount, and it is also indefinite and irregular as to times of payment and over such a short period of time and apparently without any prior obligation, that we do not think this amounts to "contributing" as used in the act. As we have said above, also, there is no finding of fact that he did contribute, and we cannot presume that payment of board was "contributing": Worman v. Treadwell Engineering Co., 10 D. & C. 67.

The Workmen's Compensation Board based its findings of dependency entirely on the conclusive presumption provided for in the act. Prior to that act there was a presumption arising from contributions of a minor to his parents. However, it was not conclusive. It was merely a guide post indicating whence proof must come: Watkins

v. Prudential Ins. Co., 315 Pa. 497; and prior to the Act of 1937 dependency was a question of fact: Kelly et ux. v. Hudson Coal Co., 119 Pa. Superior Ct. 405; and dependency must be proven by the preponderance of the evidence: Evans v. Pittsburgh Coal Co., 105 Pa. Superior Ct. 558. Again, dependency contemplates actual dependency. This does not mean sole and exclusive support. Partial support is within the purview of the act. It is contemplated that the contributions made by the deceased were required to meet the ordinary necessities of life for a person in the position in life of claimant: Conroy v. Loew's, Inc., 102 Pa. Superior Ct. 523.

We have referred to these cases construing The Workmen's Compensation Act prior to the Act of 1937, wherein the word "conclusively" was added so that the presumed dependency was irrebuttable and it was an established and indisputable fact, for the reason that defendant has raised the question of the constitutionality of the Act of 1937 regarding the particular presumption here involved and upon which the Workmen's Compensation Board based its order.

The right of the legislature to create presumptions is discussed in Rich Hill Coal Co. et al. v. Bashore, 334 Pa. 449, 470. While the particular section of The Workmen's Compensation Act is not involved in that case, the findings of the Supreme Court and its conclusions are binding on us and rule the question here. It is recognized there that the legislature has the right to create procedural presumptions provided there be some rational connection between the fact proved and the ultimate fact presumed, and the inference of one fact from proof of another shall not be unreasonable or a purely arbitrary mandate. However, legislative fiat may not take the place of fact in the judicial determination of issues. Presumptions are permissible in the administration of justice where they are either: (1) A procedural expedient; or (2) a rule of proof production based upon the comparative availability of material evidence to the respective parties; or (3) a

conclusion firmly based upon the generally-known results of wide human experience; or (4) a combination of (1) and (3). The Supreme Court there held that the provision of The Workmen's Compensation Act of 1937 that "when injury results to an employee in the course of his employment it shall be presumed that the employer's negligence caused said injury," was unconstitutional, as was also a presumption regarding occupational diseases as provided in the Occupational Disease Compensation Act of July 2, 1937, P. L. 2714. Following the reasoning in the case cited, it is clear that there is no authority in the legislative body to conclusively presume the dependency of parents from any contribution by the deceased minor, be it ever so little.

There is no occasion for such a conclusive presumption as a procedural expedient. It tends to injustice and prevents inquiry into what would otherwise have been a material fact. There is no necessity for such presumption as a rule of proof production based upon the comparative availability of material evidence to the respective parties. The available material evidence is in the possession and under the control of claimant who has it within his power to produce evidence of dependency, and closing that question to inquiry or investigation is unjust, unreasonable, and arbitrary. The conclusion that a parent is dependent because a minor child contributes somewhat to him is not firmly based upon the generally-known results of wide human experience.

Claimant does not rest entirely, according to this record, upon the presumption for his benefit in The Workmen's Compensation Act of 1937, or the act amended by it. It shows his earnings, his business, it shows no incapacity to work, shows the size of his family, makes no showing as to the expenses of maintenance, and in his cross-examination appears the following: "Q. You support your family? A. Sure." We must, therefore, hold that the reasoning of the Supreme Court in Rich Hill Coal Co. et al. v. Bashore, supra, rules this case, and that

claimant cannot rely on a "conclusive presumption" of dependency; that dependency is to be proven as a fact; and that also the condition upon which a presumption of dependency arises, that the child "has been contributing to his parents", must be proven as a fact. Neither of these facts has been determined and the record must be returned to the board for the purpose of determining them without regard to the provision of The Workmen's Compensation Act of June 4, 1937, P. L. 1552, sec. 307, cl. 5, that dependency "shall be *conclusively* presumed".

And now, August 26, 1939, it is ordered that the record in this proceeding be returned to the Workmen's Compensation Board for the purpose of enabling it to take testimony and find facts on the questions indicated in this opinion.