# Maguire *v.* James Lees & Sons Co., Appellant.

*Workmen's compensation—Injuries in course of employment—Assault by fellow workmen off the premises—"Actually"—Words and phrases—Act of June 2, 1915, P. L. 736.*

1. A workman will not be allowed compensation for accidental injuries occurring off the premises of his employer, unless they were sustained while he was actually engaged in the transaction of the latter's business.

2. The phrase employed in the Act of June 2, 1915, P. L. 736, "Actually engaged in......the business or affairs of his employer," cannot be interpreted to mean "constructively" engaged; it must be read as it is written, "actually" engaged.

3. The word "actually" means "as an actual or existing fact"; and the word "actual" is used as "opposed to constructive."

4. Compensation will not be allowed for the death of a workman, where it appears that he had a quarrel with two subordinates in the employer's mill, in the course of his employment, and concerning a matter connected with his employer's business; that, about two hours subsequent to the quarrel, after working hours, and when on his way home, he was met on the public street some distance from the mill by the two men with whom he had quarreled; and that these men who had armed themselves at the mill with iron pipes set upon and killed him.

Argued January 30, 1922. Appeal, No. 72, Jan. T., 1922, by defendant, from judgment of C. P. Montgomery Co., Nov. T., 1920, No. 126, affirming decision of Workmen's Compensation Board, in case of Elizabeth C. Maguire v. James Lees & Sons Co. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ. Reversed.

Appeal from decision of Workmen's Compensation Board disallowing an award of referee Bosler. Before SWARTZ, P. J.

The opinion of the Supreme Court states the facts.

Assignment of Error—Opinion of the Court.  [273 Pa.

Decision affirmed: see 37 Montgomery Co. L. R. 97. Defendant appealed.

*Error assigned,* inter alia, was judgment, quoting it.

*Aaron S. Swartz, Jr.,* with him *John M. Dettra, Samuel H. High* and *Montgomery Evans,* for appellant.—The injuries were not sustained in the course of employment: Wilson v. Coke Co., 268 Pa. 256; Hutno v. Lehigh Coal & Nav. Co., 270 Pa. 14; Rourke v. Machine Co., 129 N. E. 603.

*George C. Klauder,* for appellee.—Deceased was killed in the course of his employment: Morris v. Coal & Supply Co., 266 Pa. 216; Clark v. Coal Co., 264 Pa. 529; Haddock v. Steel Co., 263 Pa. 120; Flucker v. Steel Co., 263 Pa. 113; Ferri v. Quarry Co., 266 Pa. 264; Lupfer v. Locomotive Works, 269 Pa. 275.

OPINION BY MR. CHIEF JUSTICE MOSCHZISKER, February 20, 1922:

In this workmen's compensation case, the claim was refused by the referee, allowed by the board, and affirmed by the court below; defendant has appealed.

James Maguire, plaintiff's husband, was a foreman in defendant's mill. On December 23, 1919, he had a quarrel with two subordinates, in the course of his employment and concerning a matter connected with his employer's business; about two hours subsequent to this quarrel, after Maguire's daily working hours had ceased and when on his way home, he was met in the public street, at a point about 500 feet from defendant's works, in front of a property belonging to a third party, by the two men with whom he had quarreled; these men, who had armed themselves at defendant's mill with iron pipes, at once attacked and killed Maguire; compensation was allowed his widow, for the injury thus incurred.

Appellant contends that Maguire's death was not due to an injury by accident in the course of his employment, and therefore plaintiff was not entitled to an award under the Compensation Act.

Section 301 of the act in question (P. L. 1915, p. 736, 738) provides, inter alia, that, in instances where the statute has been accepted, "compensation for personal injury to, or for the death of," an employee, "by an accident in the course of his employment," shall be made in all cases; that the term "injury by an accident in the course of his employment," as used in the act, shall not include "an injury caused by an act of a third person" intended to injure the employee because of reasons personal to him and not directed against him as an employee or because of his "employment," but shall include "all other injuries sustained while the employee is actually engaged in the furtherance of the business or affairs of the employer, whether upon the employer's premises or elsewhere"; then the act provides that the term under discussion shall include injuries occurring on "the premises" of the employer.

Since, admittedly, the injury in the present case did not occur on the premises of the employer, and since the findings of the compensation board and the court below are to the effect that the intent to harm was "directed against" Maguire "because of his employment," the only question left for determination is, Did the injury occur in the course of Maguire's employment, or while he was, in the words of the act, "actually engaged in the furtherance of the business or affairs of his employer"?

The compensation board and the court below thought that, because a causal connection could be found between the original quarrel, which occurred when Maguire was "actually engaged" in the affairs of his employer, and the attack subsequently made upon him, they were warranted in connecting the two as one transaction; and thus they reached the conclusion that the death of plaintiff's husband was due to an injury by accident incurred

during the course of his employment.   The difficulty with the application of this line of reasoning to the present case arises because of the words of the act; they require the injuries for which compensation is claimed to be "sustained" while the employee is "actually" engaged in his employer's affairs.   The act does not give a right to compensation for all injuries arising out of the employment, as do the laws of some other states, nor does it allow compensation for injuries the proximate cause of which may be traced to the employment.   On the contrary, it requires, in express words, the injuries, not occurring on the premises of the employer, to be sustained while the employee is "actually" engaged in the furtherance of the business or affairs of his employer; and by no line of justifiable reasoning can it be held that the injuries in this case were sustained by plaintiff's husband when he was so actually engaged.

Language is a medium for conveying ideas; courts can give words a liberal interpretation, when construing an act such as the one now before us, in order to carry out its advanced humane intentions, as we have repeatedly done, and shall continue to do, in the administration of this law; but we have no power to depart from the clear meaning of a plainly expressed phrase: "actually" means "as an actual or existing fact"; and the word "actual" is used as "opposed to constructive": Century Dictionary.   The phrase employed in the present statute, "actually engaged in......the business or affairs of his employer," cannot be interpreted to mean "constructively" engaged, but must be read as it is written—"actually" engaged.   The law was expressed as it is by those having the sole power to write it, and thus the courts must read and administer it.

A glance at our prior decisions will show that, in every instance where compensation was allowed for accidental injuries, occurring off the premises of the employer, the facts warranted the conclusion that the employee sustained his injuries while actually on the errand of, or

during a time set apart for the performance of, some as yet uncompleted business of his employer; in other words, while actually engaged in the transaction of the latter's business.

In Lupfer v. Baldwin Locomotive Works, 269 Pa. 275, relied on by appellee, the claimant received injuries on the premises of his employer; as a result of these injuries, he became insane and subsequently committed suicide, at his home. That case fairly fell within the provisions of the statute, because the accident which caused the injuries took place while the deceased was, as a matter of fact, engaged in the affairs of his employment, and the insane act of suicide followed as a consequence of the injuries thus incurred; whereas, in the present case, the accident happened after working hours, off the premises of the employer, and at a time when the employee was not engaged in the former's affairs.

In Callihan v. Montgomery, 272 Pa. 56, we recently held that, whether one was killed in the course of his employment, within the meaning of that term as used in the act, is a question of law, and as such open to review; the opinion there filed contains a full discussion of our prior rulings on this point.

For the reasons already stated, we cannot agree with the view of the court below, and the compensation board, that Maguire's death was due to an accidental injury incurred during the course of his employment, as that term is defined in the act. It may be, were we constructing the statute, instead of construing it, we would write the law so that plaintiff, under the circumstances of this case, could be allowed compensation; but, unfortunately for her, the courts are confined to the words of the law as enacted by the legislature, and here these are too explicit to permit of the interpretation given them by the court below, in adopting the view of the compensation board.

The judgment of the court below and the award of the compensation board are reversed; judgment is here entered for defendant.