United States Steel Corporation, Appellant, *v.* Workmen's Compensation Appeal Board and Robert Engster, Appellees.

Argued September 14, 1973, before Judges KRAMER, WILKINSON, JR. and ROGERS, sitting as a panel of three.

*Richard F. Lerach,* for appellant.

*S. James Goldman,* with him *Richard F. Kronz,* for appellees.

OPINION BY JUDGE ROGERS, October 10, 1973:

This is the United States Steel Corporation's appeal from a decision of the Workmen's Compensation Appeal Board affirming an award of compensation to Robert Engster. Mr. Engster suffered serious injuries when a fellow employe without warning struck him in

the face with a clenched fist. The issue is whether or not these injuries were "caused by an act of a third person intended to injure the employe because of reasons personal to him and not directed against him as an employe or because of his employment," a class of injury not compensible by Section 301(a) of The Pennsylvania Workmen's Compensation Act, Act of June 21, 1939, P. L., 520, as amended, 77 P.S. §411.

The facts are undisputed. On Friday, December 11, 1970, Mr. Engster, at the direction of his foreman at the mill in which he worked, placed two garbage pails adjacent to the work area of another employe, one Mike Carlson. Mr. Carlson objected and addressed vulgar comments to Mr. Engster. On Saturday, December 12, 1970, Mr. Carlson placed a sign on the pails on which he had written a vulgar description of Mr. Engster. On Monday, December 14, 1970, Mr. Carlson glared at Mr. Engster. On Tuesday, December 15, 1970, Mr. Engster arrived at the mill parking lot on his way to work and there encountered Mr. Carlson who wanted to fight. Mr. Engster refused but stated that he would accommodate Mr. Carlson elsewhere at a later time. Thereupon Mr. Carlson struck the claimant fair in the face. Mr. Engster testified that he did not know Mr. Carlson previous to the garbage pail incident except as a fellow worker whom he had seen once. The employer's counsel considered, but decided against, calling Mr. Carlson as a witness.

Was Mr. Carlson's act intended to injure the claimant "because of reasons personal to him" or was it directed against the claimant because of his employment? Three principles of law would seem to be against the employer. First, The Pennsylvania Workmen's Compensation Act is remedial and is to be liberally construed in favor of the employe. *Whitehead v. Casey Building Wreckers, Inc.,* 6 Pa. Commonwealth Ct. 256,

294 A. 2d 215 (1972). Second, the employer had the burden of proving that Mr. Carlson intended to injure the claimant owing to reasons personal to the former. *O'Rourke v. O'Rourke*, 278 Pa. 52, 122 A. 2d 172 (1923). Third, we may assume that Mr. Carlson's testimony would not have been helpful to the appellant. *Hall v. Vanderpool*, 156 Pa. 152, 26 A. 1069 (1893). The facts here, viewed from these principles, compel a decision affirming the award of compensation. The origin of the dispute lay in the employes' work in the mill. *Meucci v. Gallatin Coal Co.*, 279 Pa. 184, 123 A. 766 (1924). Little time passed between the cause of Carlson's anger and his attack. In *McBride v. Hershey Chocolate Corp.*, 200 Pa. Superior Ct. 347, 188 A. 2d 775 (1967), upon which the appellant principally relies, eight years of personal hostility intervened between the work-related incident which may have been the origin of the enmity of the employes, and the assault. Here, only five days passed between the time the claimant unintentionally offended Mr. Carlson and the assault. This circumstance and the facts that Mr. Engster did not want to fight and did not provoke Mr. Carlson other than by placing garbage pails near his work area, bring this case within the authority of *Cox v. Universal Terminal and Stevedoring Company*, 206 Pa. Superior Ct. 207, 212 A. 2d 909 (1965). We agree with the Appeal Board that Mr. Carlson's act was directed at Mr. Engster because of the latter's employment, and enter the following:

ORDER

And now, this 10th day of October, 1973, judgment is entered in favor of Robert Engster and against the United States Steel Corporation for compensation for total disability at the rate of $60.00 per week from December 23, 1970 to January 6, 1971, and the United States Steel Corporation shall pay the following bills:

McKeesport Hospital ......................$ 41.00
Dr. Emory A. Rittenhouse .................  10.00
Mercy Hospital ........................... 415.90
Dr. Joseph Cipcic ........................ 300.00
Pittsburgh Anesthesia Associates ...........  42.00
    (Mercy Hospital)

and reimburse the claimant $4.00 for medicine and for any portion of the above listed bills paid by him. The United States Steel Corporation shall pay interest on deferred payments herein ordered at the legal rate.