Steve Rakoczy and Workmen's Compensation Appeal Board *v.* Jandy Coal Company, Inc., Old Republic Companies and Commonwealth of Pennsylvania. Jandy Coal Company, Inc. and Old Republic Companies, Appellants.

Workmen's Compensation Appeal Board and Valentine Berish *v.* Jandy Coal Company, Inc., Old Republic Companies and Commonwealth of Pennsylvania. Jandy Coal Company, Inc. and Old Republic Companies, Appellants.

Argued September 10, 1976, before Judges CRUMLISH, JR., WILKINSON, JR., and ROGERS, sitting as a panel of three.

460

*Michael D. McDowell,* with him *Hirsch, Weise & Tillman,* for appellants.

*Eugene A. Creany,* for appellees.

*Mary Ellen Krober,* Assistant Attorney General, with her *David A. Ody,* Assistant Attorney General, for Commonwealth.

OPINION BY JUDGE WILKINSON, September 29, 1976:

These cases consolidate two appeals by Jandy Coal Company, Inc., and its insurance carrier (appellants) from separate determinations of the Workmen's Compensation Appeal Board (Board). Both Valentine Berish and Steve Rakoczy filed petitions claiming compensation for total disability resulting from coalworker's pneumoconiosis. Berish alleged that he was totally disabled on July 29, 1974, and last exposed to coal dust hazard on June 20, 1974. Rakoczy alleged that he was totally disabled on July 30, 1974, and last exposed to coal dust hazard on June 28, 1974. Hearings were held before a referee and each claim-

ant was awarded total disability benefits, 50% of which were to be paid by appellants and 50% by the Commonwealth of Pennsylvania.

On appeal, the Board, without taking additional evidence, affirmed the decisions of the referee. The findings that total and permanent disabilities existed is supported by substantial evidence and was, therefore, binding on the Board, as it is on this court. *See Pages Department Store v. Velardi,* 464 Pa. 276, 346 A.2d 556 (1975). Liability is not at issue on this appeal. At issue is the apportionment of payments.

Section 305.1 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §411.1 (Supp. 1976) reads:

"*Any compensation payable* under this act for silicosis, anthraco-silicosis or coal-worker's pneumoconiosis as defined in section 108(q) *for disability* occurring on or after July 1, 1973 or for death resulting therefrom shall be paid as follows: if the disability begins between July 1, 1973 and June 30, 1974, inclusive, the employer shall pay twenty-five per centum and the Commonwealth seventy-five per centum; *if the disability begins between July 1, 1974, and June 30, 1975, inclusive, the employer shall pay fifty per centum and the Commonwealth fifty per centum;* if the disability begins between July 1, 1975 and June 30, 1976, inclusive, the employer shall pay seventy-five per centum and the Commonwealth twenty-five per centum; and if the disability begins on or after July 1, 1976, all compensation shall be payable by the employer. The procedures for payment of compensation in such cases shall be as prescribed in the rules and regulations of the department." (Emphasis added.)

The Board held that because each claimant became permanently disabled after July 1, 1974, the

Commonwealth's liability should be 50%. The appellant urges that because the 1972 amendments expanded compensation to partial as well as total disabilities created by coal-worker's pneumoconiosis, the phrase "if the disability begins" refers to when a partial rather than a total disability begins. Appellants argue that the referee should have decided whether claimants were partially disabled on the dates of last exposure (June 20 and June 28, 1974), and if so, that payments should be apportioned 25% to the appellants and 75% to the Commonwealth.

The Court cannot agree with appellants' interpretation of Section 305.1. If a claimant seeks partial disability benefits, apportionment of damages is fixed by the date of partial disability. If a claimant is to receive total disability benefits, payments are to be apportioned as of the date of total disability. Because the *duty* to pay total disability benefits in each appeal did not arise until after July 1, 1974, the Commonwealth's liability should not be determined at an earlier date. "It is logical that the Commonwealth's proportionate share of the compensation should be ascertained at the time when the employer's duty to pay compensation comes into existence . . . ." *Pekorofsky v. Glen Alden Coal Co.*, 171 Pa. Superior Ct. 97, 104, 89 A.2d 890, 893 (1952).

This reading of Section 305.1 is buttressed by the fact that "[t]he Commonwealth's obligation to pay a part of the compensation is an assumed gratuity in relief of an employer . . . ." *Id.* When a provision can be interpreted to benefit either a private party or the Commonwealth it must be presumed that the General Assembly intended to favor the public interest. *Schaefer v. Commonwealth*, 13 Pa. Commonwealth Ct. 349, 318 A.2d 365 (1974); 1 Pa. C.S. §1922(5). The Court will not expand the liability assumed by the

Commonwealth without explicit statutory authorization.

Appellant mistakenly relies on *Lowe v. American Radiator & Standard Sanitary Corp.*, 178 Pa. Superior Ct. 137, 113 A.2d 330 (1955), in which the word "disability" was interpreted to mean "partial disability." In that case the question was not the apportionment of payments, but whether the claimant could recover at all. The court liberally construed the Act to effectuate its remedial purposes. *Id.* at 143. While the Act is to be construed broadly in favor of employees, *U. S. Steel Corp. v. Workmen's Compensation Appeal Board,* 10 Pa. Commonwealth Ct. 247, 309 A.2d 842 (1973), no such purpose can be served by broadly interpreting the statute in favor of an *employer* against the Commonwealth. The Board was, therefore, correct in apportioning payments to the claimants according to the date of total disability.

Accordingly, we will enter orders affirming the Board.

### ORDER

Now, the 29th day of September, 1976, the decision of the Workmen's Compensation Appeal Board, at Docket Number A-70652, filed January 16, 1976, awarding compensation to the claimant herein at the rate of $106.00 per week for the total duration of said disability, 50% or $53.00 to be paid by the Commonwealth of Pennsylvania, and 50% or $53.00 by the defendant, Jandy Coal Company, Inc. and/or its insurance carrier, is hereby affirmed.

### ORDER

Now, the 29th day of September, 1976, the decision of the Workmen's Compensation Appeal Board, at Docket Number A-70518, filed November 28, 1975, awarding compensation to the claimant herein at the

rate of $106.00 per week for the total duration of said disability, 50% or $53.00 to be paid by the Commonwealth of Pennsylvania, and 50% or $53.00 by the defendant, Jandy Coal Company, Inc. and/or its insurance carrier, is hereby affirmed.