Jones & Laughlin Steel Corp. *v.* Joseph J. Kreon, Workmen's Compensation Appeal Board and Commonwealth of Pennsylvania. Jones & Laughlin Steel Corp., Appellant.

374

■■■■■■■■■■■■■

Argued October 29, 1976, before Judges WILKINSON, JR., ROGERS and BLATT, sitting as a panel of three.

■■■■■■■■■■■■■

*Raymond F. Keisling,* with him *Will & Keisling,* for appellant.

*Mary Ellen Krober,* Assistant Attorney General, with her *David A. Ody,* Assistant Attorney General, and *James N. Diefenderfer,* for appellees.

OPINION BY JUDGE BLATT, January 28, 1977:

Joseph J. Kreon filed a claim petition for workmen's compensation benefits alleging total disability beginning August 15, 1974. He further alleged that his disability occurred because of anthraco-silicosis suffered as a result of forty-seven years of coal mining. After a hearing on the claim, a referee awarded benefits, fifty percent to be paid by the Commonwealth of Pennsylvania and fifty percent by Jones & Laughlin Steel Corporation (Jones and Laughlin), the claimant's last employer. It appealed the decision to the

Workmen's Compensation Appeal Board (Board) which affirmed the award.

This Court has now been asked by Jones and Laughlin to review the apportionment of liability pursuant to Section 305.1 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §411.1, which reads:

> Any compensation payable under this act for silicosis, anthraco-silicosis or coal-worker's pneumoconiosis as defined in section 108(q) for disability occurring on or after July 1, 1973 or for death resulting therefrom shall be paid as follows: if the disability begins between July 1, 1973 and June 30, 1974, inclusive, the employer shall pay twenty-five per centum and the Commonwealth seventy-five per centum; if the disability begins between July 1, 1974, and June 30, 1975, inclusive, the employer shall pay fifty per centum and the Commonwealth fifty per centum; if the disability begins between July 1, 1975 and June 30, 1976, inclusive, the employer shall pay seventy-five per centum and the Commonwealth twenty-five per centum; and if the disability begins on or after July 1, 1976, all compensation shall be payable by the employer.

The referee determined the apportionment on a finding that the claimant had become totally and permanently disabled on August 15, 1974, the date on which a medical examination was performed by a doctor who concluded that Kreon was so disabled from anthraco-silicosis. This was obviously within the period between July 1, 1974 and June 30, 1975, and, therefore, the referee ruled that liability for payment of the award should be divided equally between the employer and the Commonwealth.

Jones and Laughlin contends that the record contains evidence which indicates that Kreon was at least partially disabled when he ceased work on June 21, 1974. It further contends that, because Section 305.1 uses the term "disability" rather than "total disability," the employer's liability should be determined by reference to this date of June 21, 1974 as the date on which disability began.

We have recently considered an argument identical to that of the employer here in the case of *Rakoczy v. Jandy Coal Co., Inc.*, 26 Pa. Commonwealth Ct. 459, 363 A.2d 1338 (1976). There Judge WILKINSON fully discussed the interpretation of Section 305.1 which Jones and Laughlin has proposed here, and concluded that "[i]f a claimant is to receive total disability benefits, payments are to be apportioned as of the *date of total disability.*" *Rakoczy, supra*, 26 Pa. Commonwealth Ct. at 462, 363 A.2d at 1339 (Emphasis added.)

The referee, therefore, correctly assessed the percentage of the award for which the Commonwealth and the employer should be liable and the affirmance of the Board was not in error.

The appeal is dismissed and the decision of the Board is affirmed.

ORDER

AND NOW, this 28th day of January, 1977, the decision of the Workmen's Compensation Appeal Board, filed April 21, 1976, is hereby affirmed. Compensation is awarded to Joseph J. Kreon at the rate of $106.00 per week beginning September 13, 1974. The Commonwealth of Pennsylvania shall be liable for fifty per cent (50%) of the award, or $53 per week, and the Jones & Laughlin Steel Corporation shall be liable for fifty per cent (50%) of the award, or $53 per week. The award against the Jones & Laughlin Steel Corporation only shall bear interest at the rate

of ten per cent (10%) per annum in accordance with Section 406.1 of the Act. All compensation shall be paid to the claimant pursuant to Rule 121.21(b) of the Bureau of Occupational Injury and Disease Compensation.