Workmen's Compensation Appeal Board of the Commonwealth of Pennsylvania and Mrs. Anna Kokinda, Widow of Andrew Kokinda, Deceased *v.* Beltrami Enterprises, Inc., Appellant. (2 Cases)

Argued February 3, 1977, before Judges CRUMLISH, JR., WILKINSON, JR. and MENCER, sitting as a panel of three.

*John R. Lenahan, Jr.*, with him *John R. Lenahan, Sr.* and *Anthony J. Piazza, Jr.*, for appellant.

*Mary Ellen Krober*, Assistant Attorney General, with her *James N. Diefenderfer*, for appellees.

OPINION BY JUDGE WILKINSON, March 4, 1977:

The narrow but difficult question raised by this appeal is whether the apportionment of payments between the Commonwealth and an employer under Section 305.1 of The Pennsylvania Workmen's Compensation Act (Act)[1] for the claim of a widow, whose husband was adjudged to have become totally disabled from anthracosilicosis and to have died as a result therefrom, is determined by the date of disability or the date of death. The Workmen's Compensation Appeal Board (Board) held the date of death determined. We reverse.

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §411.1.

The facts are not in dispute. Decedent was employed by various employers in the anthracite industry for more than 50 years and was continuously exposed to a silica hazard during that time. His last employment in the industry was by the appellant for which he worked from at least February 1972, to August 10, 1973. On February 4, 1974, decedent became permanently and totally disabled due to anthracosilicosis and a referee awarded compensation on November 26, 1974, 75 per cent of which was to be paid by the Commonwealth and 25 per cent by appellant. Unknown to the referee, decedent had died on November 24, 1974. His widow (claimant) then filed a fatal claim petition, alleging that death had primarily resulted from anthracosilicosis. The same referee found for the claimant and awarded her compensation pursuant to Section 307(2) of the Act[2] together with burial expenses. Again, the Commonwealth was ordered to pay 75 per cent and appellant 25 per cent of the total. The Commonwealth appealed, claiming that since the decedent died between July 1, 1974, and June 30, 1975, its assessment pursuant to Section 305.1 should only have been 50 per cent. The Board reversed.

The Commonwealth argues that although the decedent had been entitled to compensation for his disability, his death extinguished that claim and thus the subsequent claim of his widow for death benefits was a separate, independent claim. We agree. In construing Section 307 our Supreme Court has held that "the right of a widow to compensation is a separate cause of action, independent of and not derivative from the right of the deceased employee." *Kujawa v. Latrobe Brewing Co.*, 454 Pa. 165, 170, 312 A.2d 411, 413 (1973).

We cannot agree, however, that simply because the death claim was independent of the disability claim

---

[2] 77 P.S. §561(2).

and was filed between July 1, 1974, and June 30, 1975, that the apportionment of payments for the death claim is therefore different from the apportionment ordered for the disability claim. Section 305.1 states:

> *Any compensation payable* under this act for silicosis, anthraco-silicosis or coal-worker's pneumoconiosis as defined in section 108(q) for disability occurring on or after July 1, 1973 *or for death resulting therefrom* shall be paid as follows: if the *disability* begins between July 1, 1973 and June 30, 1974, inclusive, the employer shall pay twenty-five per centum and the Commonwealth seventy-five per centum; if the disability begins between July 1, 1974, and June 30, 1975, inclusive, the employer shall pay fifty per centum and the Commonwealth fifty per centum; if the disability begins between July 1, 1975 and June 30, 1976, inclusive, the employer shall pay seventy-five per centum and the Commonwealth twenty-five per centum; and if the disability begins on or after July 1, 1976, all compensation shall be payable by the employer. The procedures for payment of compensation in such cases shall be as prescribed in the rules and regulations of the department. (Emphasis added.)

The Legislature obviously contemplated the situation in which death would result from a disability compensable under Section 305.1. Its explicit language is that the apportionment of payments for such a death is controlled solely by the date of disability, regardless of when the death occurs. The Commonwealth's liability cannot be expanded, of course, without explicit statutory authorization. *Rakoczy v. Jandy Coal Co.*, 26 Pa. Commonwealth Ct. 459, 363 A.2d 1338 (1976). Yet here the Legislature has spoken explicitly and we are bound by its dictates.

Accordingly, we will enter the following

ORDER

Now, March 4, 1977, the orders of the Workmen's Compensation Appeal Board at No. A-70225, dated May 4, 1976, and April 8, 1976, are hereby reversed and the award of the referee dated April 24, 1975, awarding compensation to the claimant, Anna Kokinda, at the rate of $78.80 per week, beginning November 24, 1974, of which the Commonwealth of Pennsylvania shall be liable for 75 per cent and the defendant, Beltrami Enterprises, Inc., shall be liable for 25 per cent, and burial expenses in the amount of $750.00 of which the Commonwealth of Pennsylvania shall be liable for 75 per cent and the defendant 25 per cent, is hereby reinstated.