Commonwealth of Pennsylvania, Department of Labor & Industry, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board, Bethlehem Mines Corporation and Mildred Cehelnik, w/o Joseph, Respondents.

Argued September 15, 1978, before Judges MENCER, BLATT and MACPHAIL, sitting as a panel of three.

*Sandra Christianson*, Assistant Attorney General, with her *Mary Ellen Krober*, Assistant Attorney General, for petitioner.

*Blair V. Pawlowski* and *John J. Bagnato*, with them *Spence, Custer, Saylor, Wolfe & Rose*, and *James N. Diefenderfer*, for respondents.

OPINION BY JUDGE BLATT, November 13, 1978:

The Commonwealth appeals here from a Workmen's Compensation Appeal Board (Board) award of death benefits to Mildred Cehelnik, the widow of an employee of the Bethlehem Steel Corporation (employer) who died on February 16, 1976 as a result of coal worker's pneumoconiosis. The referee and the Board apportioned the liability for the award at twenty-five percent (25%) for the Commonwealth and seventy-five percent (75%), for the employer. The award was made and apportioned pursuant to Section 305.1 of The Pennsylvania Workmen's Compensation Act (Act),[1] which provides:

*Any compensation payable under this act for silicosis, anthraco-silicosis or coal-worker's pneumoconiosis as defined in section 108(q) for disability occurring on or after July 1, 1973 or for death resulting therefrom shall be paid as follows: if the disability begins between July*

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, added by Section 2 of the Act of December 6, 1972, P.L. 1627, 77 P.S. §411.1.

1, 1973 and June 30, 1974, inclusive, the employer shall pay twenty-five per centum and the Commonwealth seventy-five per centum; if the disability begins between July 1, 1974, and June 30, 1975, inclusive, the employer shall pay fifty per centum and the Commonwealth fifty per centum; *if the disability begins between July 1, 1975 and June 30, 1976, inclusive, the employer shall pay seventy-five per centum and the Commonwealth twenty-five per centum;* and if the disability begins on or after July 1, 1976, all compensation shall be payable by the employer. The procedures for payment of compensation in such cases shall be prescribed in the rules and regulations of the department. (Emphasis added.)

The Commonwealth argues that it was not liable for any amount because its liability arises on the date that disability was established. In this case no disability was established prior to the employee's death, and the Commonwealth argues that it is thus relieved from any liability whatever, even though the employer may be liable.

The Commonwealth cites *Workmen's Compensation Appeal Board v. Beltrami Enterprises, Inc.*, 29 Pa. Commonwealth Ct. 134, 370 A.2d 1223 (1977), wherein we held that the apportionment of payments between the Commonwealth and an employer under Section 305.1 of the Act for the death claim of a widow, whose husband was *adjudged* to have become totally disabled from anthracosilicosis and to have died as a result therefrom, is determined by the date of disability, not by the date of death. We have here, however, a different situation, wherein there has been no adjudication of disability prior to the death of the employee. As a matter of fact, the record reveals that the employee here had not even sought medical

attention until the date of his death. It is uncontroverted, however, that he did *die* as a result of pneumoconiosis and it is therefore logical to assume that at least at the time of his death he was *disabled* due to pneumoconiosis. As counsel for Bethlehem Mines has said, "[d]eath is total disability," and we believe it was reasonable here to equate the date of disability with the date of death. Obviously, the claimant was disabled on that particular day, and there is no evidence at all in the record that the disability occurred on any other date.

In any event, there is nothing in the statute which makes apportionment contingent on a prior award of disability benefits. The statute clearly apportions "any compensation payable" for "disability" or "death resulting" from the listed occupational diseases, and we do not believe that the Commonwealth's argument, that the word "therefrom" refers only to "disability" and not to the listed diseases, has any merit. In these cases, a person does not die from a disability as such but rather from a disease which may or may not cause him to be disabled. Furthermore, we cannot assume that the Act excuses the Commonwealth from paying any percentage of the award merely because, although the date and the cause of death are established, the date of disability is not.

We believe that the referee and the Board correctly interpreted the statute, and we will affirm.

ORDER

AND Now, this 13th day of November, 1978, the order of the Workmen's Compensation Appeal Board is hereby affirmed and judgment is entered in favor of Mildred Cehelnik in the amount of $1,500 for funeral expenses and $177.38 weekly compensation. The Bethlehem Steel Corporation will pay $1,125 for the expenses and compensation at the rate of 75 per-

cent of $177.38 weekly (*i.e.*, $133.04 per week) to continue within the limitations of The Pennsylvania Workmen's Compensation Act. The Department of Labor and Industry, Bureau of Occupational Injury and Disease Compensation, will pay $375 for expenses and compensation at the rate of 25 percent of $177.38 weekly (*i.e.*, $44.34 per week) to continue within the limitations of The Pennsylvania Workmen's Compensation Act. The Bethlehem Steel Corporation and the Commonwealth will both make any back payments due and owing. Accrued compensation shall bear the statutory interest rate of ten percent.